UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID GATT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-328** |
| **MELVIN JOSEPH, JONATHAN LIBERTO, MICHAEL LAUGHLIN, SCOTT WILLIAMS, and MARLIN N. GUSMAN** | **SECTION "C" (5)** |

## ORDER

IT IS ORDERED that Defendants' Motion in Limine to exclude evidence of Plaintiff's state court trial and acquittal is DENIED. (Rec. Doc. 50). First, Defendants argue that evidence of prior acquittal is irrelevant under Rule 401 of the Federal Rules of Evidence. (Rec. Doc. 50 at 1-2). That rule states that evidence that tends "to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence" is relevant. Fed. R. Evid. 401. Rule 402 states that relevant evidence is admissible. Fed. R. Evid. 402. Here, Plaintiff has asserted a claim for malicious prosecution under Louisiana law. (Rec. Doc. 1 at ¶ 26). The elements of that cause of action are:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) *its bona fide termination in favor of the present plaintiff*; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

*Kennedy v. Sheriff of East Baton Rouge*, 935 So. 2d 669, 690, note 20 (La. 2006) (emphasis added) (citing *Miller v. East Baton Rouge Sheriff's Dept.*, 511 So. 2d 446, 452 (La. 1987). Defendants argue that Plaintiff's acquittal is irrelevant because "it merely indicates that the prior prosecution

failed to meet its burden of beyond a reasonable doubt." (Rec. Doc. 50-1 at 2). Failure to meet that burden does not prove Plaintiff's innocence, but it does make Plaintiff's innocence more probable than it would be without the acquittal, and thus the acquittal meets the Rule 401 standard. Second, Defendants argue that the Court should nevertheless exclude Plaintiff's acquittal under Rule 403 of the Federal Rules of Evidence, which excludes evidence whose probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," on the ground that the acquittal will prevent the jury from fairly considering the issues because it will feel as though a portion of the case was already decided. (Rec. Doc. 50-1 at 2-3) (quoting Fed. R. Evid. 403). Unbacked by legal authority, this argument is tepid at best and certainly does not meet Rule 403's heightened standard. Third, Defendants maintain that the acquittal is hearsay not otherwise exempt from the rule. See Fed. R. Evid. 801-806. However, numerous courts have admitted records of acquittal as evidence that the proceeding terminated in the plaintiff's favor in malicious prosecution cases, despite it not falling under a hearsay exemption or exception. See 57 A.L.R. 2d 1086 (2011). The Court is unpersuaded that it should not do so here as well.

    New Orleans, Louisiana, this 2nd day of November, 2011.

                                               **HELEN G. BERRIGAN**
                                               **UNITED STATES DISTRICT JUDGE**